UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
[*Electronically Filed*]

| | |
|---|---|
| B.B. ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| V. ) | Case No. 5:24-CV-00028-BJB |
| ) | |
| CHRISTIAN COUNTY BOARD OF ) | |
| EDUCATION, *et al.* ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO PROVIDE ADDITIONAL EVIDENCE PURSUANT TO 34 CFR 300.516

Plaintiff, B.B., by and through his next friend, his parent, Gabriela Huerta-Merino, respectfully moves this Court to allow the submission of additional evidence pursuant to 34 CFR 300.516. Specifically, Plaintiff seeks to enter: (1) B.B.'s current Individualized Education Program (IEP); (2) 2022-2023 Annual Goals and Objectives Progress Report; (3) 2023-2024 Data Progress Tracking; (4) 2024 Psycho-Educational Report; and (5) testimony and exhibits supporting the allegations of verbal and physical abuse, including restraint and seclusion. In support of this Motion, Plaintiff states as follows:

### I.     LEGAL STANDARD

Under 34 CFR 300.516, a district court reviewing an administrative law judge's (ALJ) decision in an Individuals with Disabilities Education Act (IDEA) case (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate  Woods v. Northport Pub. Sch., 487 Fed. Appx. 968. The Sixth Circuit has interpreted the statutory phrase additional evidence broadly,

allowing for the inclusion of evidence that is added to the existing record without the limitations inherent in the term supplement.

## II.     ARGUMENT

### A. The Sixth Circuit's Expansive View on Additional Evidence

The Sixth Circuit has consistently held that the term "additional evidence" should be interpreted broadly. In <u>Deal v. Hamilton County Board of Education</u>, the court emphasized that additional evidence is not limited to filling gaps in the administrative record but can include any relevant evidence that was not previously introduced. <u>Deal v. Hamilton County Dep't of Educ.</u>, 259 F. Supp. 2d 687. This interpretation aligns with the statutory language of 34 CFR 300.516, which mandates that the court shall hear additional evidence at the request of a party. <u>A.A. v. Walled Lake Consol. Schs.</u>, 2018 U.S. Dist. LEXIS 63449.  <u>Wayne County Regional Educ. Serv. Agency v. Pappas</u>, 56 F. Supp. 2d 807.

### B. Relevance and Necessity of Additional Evidence

The additional evidence sought to be introduced is crucial for the Court's comprehensive understanding of the student's educational needs and the appropriateness of the educational program provided. The testimony and exhibits supporting allegations of verbal and physical abuse, including restraint and seclusion, are essential for the Court to address the allegations contained in Plaintiff's request for a Due Process Hearing. Given the evolving nature of the student's educational needs and the serious nature of the allegations, this additional evidence provides relevant information, which is essential for the Court to make an informed decision based on the preponderance of the evidence.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion to provide additional evidence pursuant to 34 CFR 300.516 and allow the submission

of the following into the record: (1) B.B.'s current Individualized Education Program (IEP); (2) 2022-2023 Annual Goals and Objectives Progress Report; (3) 2023-2024 Data Progress Tracking; (4) 2024 Psycho-Educational Report; and (5) testimony and exhibits supporting the allegations of verbal and physical abuse, including restraint and seclusion. This additional evidence is essential for the Court to make a well-informed decision based on the most current and relevant information available.

Respectfully submitted,

*/s/ Natalie Nelson*
NATALIE NELSON
SHAW & NELSON, PLLC
9700 Park Plaza Avenue, Suite 108
Louisville, Kentucky 40241
(502) 384–7201
natalie@leeshawlaw.com

*Counsel for Plaintiff, B.B., by and through his next friend, his parent, Gabriela Huerta-Merino*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and accurate copy of the foregoing was this 24th day of January 2025, filed with the Clerk of the United States District Court for the Western District of Kentucky via the ECF/CM system, and forwarded to the following:

Hon. Jack Lackey
DEATHERAGE, MYERS & LACKEY, PLLC
701 South Main Street
P.O. Box 1065
Hopkinsville, Kentucky 42241
(270) 886-6800
jlackey@dmlfirm.com

*Counsel for Defendant, Christian County Board of Education*

Hon. Jack Lackey
KENTUCKY DEPARTMENT OF EDUCATION
300 Sower Boulevard, 5th Floor
Frankfort, Kentucky 40601
(502) 564-4474
todd.allen@education.ky.gov

*Counsel for Defendant, Kentucky Department of Education*

*/s/ Natalie Nelson*
NATALIE NELSON

*Counsel for Plaintiff*