UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
[Electronically Filed]

B.B., )
 )
      PLAINTIFF, )
 )
vs. )   Case No. 5:24-CV-00028-BJB
 )
 )
CHRISTIAN COUNTY BOARD OF )
EDUCATION, CHRISTOPHER BENTZEL, )
SUPERINTENDENT, AND KENTUCKY )
DEPARTMENT OF EDUCATION, )
 )
      DEFENDANTS. )
 )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

Defendants, Christian County Board of Education and Christopher Bentzel, Superintendent, oppose the Motion for Judgment on the Pleadings filed by Plaintiff, B.B. For the reasons set forth herein, Plaintiff's Motion should be denied.

**I. Procedural Background**

On February 19, 2024, Plaintiff filed a Complaint in the present case, in which he advances two causes of action. (Doc. 1, at 5–6.) The first cause of action, identified as "Plaintiff's Claim for *De Novo* Review under the IDEA," alleges that Defendants:

> Breached the IDEA, denied B.B.'s right to a free and appropriate public education and violated the IDEA's procedures giving rise to a claim for relief for such actions or inactions under the IDEA, and for this Court's declaratory, injunctive, and all appropriate relief under the IDEA.

(*Id.* at 5, ¶ 26.) In his second cause of action, identified as "Denial of a Free and Appropriate Public Education," Plaintiff alleges that "Defendants failure to provide B.B.

with a free and appropriate public education caused B.B. emotional, educational, and financial harm." (*Id.* at 6, ¶ 29.)

On April 5, 2024, Defendants filed an Answer to the Complaint. (Doc. 11.) In their Answer, Defendants denied both of Plaintiff's Causes of Action and denied Plaintiff's contention that the Hearing Officer and ECAB committed errors. (*Id.* at 2, ¶ 4.) Defendants advanced three additional defenses, arguing: (1) The Complaint fails to state a claim upon which relief may be granted; (2) Defendants pleaded applicable affirmative defenses and avoidance, including all of those defenses listed in Fed. R. Civ. P. 8(c)(1); and (3) Defendants provided Plaintiff with a free appropriate public education. (*Id.* at 2-3, ¶¶ 1, 8, and 9.)

On January 25, 2025, Plaintiff filed a Motion for Judgment on the Pleadings, which stated that a "Memorandum in support of this Motion has been filed herewith." (Doc. 28.) No supporting memorandum was filed by Plaintiff. Thereafter, Defendants filed a Motion for a Deadline and Motion for an Extension of Time to File Response, requesting to extend the deadline for any response to a time after Plaintiff filed his memorandum. (Doc. 32.) On February 12, 2025, the Honorable Lanny King issued an Order to Show Cause why Plaintiff's Motion for Judgment on the Pleadings should not be denied, or why it was not filed with a supporting memorandum. (Doc. 33, at 2.) Plaintiff responded to the Order to the Show Cause, and on February 25, 2025, Plaintiff filed a Memorandum in Support of Motion for Judgment on the Pleadings. (Doc. 34-1.)

In Plaintiff's Memorandum, he altogether ignores the legal standard for a Motion for Judgment on the Pleadings, instead requesting *de novo* review on the merits. (Doc. 34-1, at 3–5.) Plaintiff does not identify any deficiency whatsoever in Defendants' Answer

to the Complaint, nor does Plaintiff contend that no factual development will support Defendants' claims or defenses.

## II. Legal Standard

"After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings essentially constitutes a delayed motion under Rule 12(b)(6) and is evaluated under the same standard. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). Under that standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted).

Under Rule 12(c), either party may move for judgment on the pleadings. Where a motion for judgment on the pleadings is filed by a plaintiff, however, the motion may be granted only when: (1) the admissions in the defendant's answer entitles the plaintiff to judgment as a matter of law; and (2) the defendant's affirmative defenses do not require factual development. *Creative Lifting Servs. v. Steam Logistics, LLC*, 2022 U.S. Dist. LEXIS 6853, *5 (E.D. Tenn. Jan. 13, 2022) (unpublished); *see Johnson Controls, Inc. v. Anson Stamping Co.*, 2000 U.S. Dist. LEXIS 22615, *6 (W.D. Ky. Mar. 27, 2000)

(unpublished) (A plaintiff is entitled to judgment under Rule 12(c) "if no factual development will support Defendants' claims or defenses.").

### III. Analysis

Plaintiff's Motion for Judgment on the Pleadings fails to assert any plausible basis for relief. As a threshold matter, Plaintiff does not cite the appropriate standard for relief. Plaintiff identifies 34 CFR § 300.516 as the vehicle for relief, but this regulation does not contemplate a motion for judgment on the pleadings. Rather, 34 CFR § 300.516 generally governs a party's right to seek review of an administrative action based on a claim under the IDEA to United States District Court. As noted in the preceding section herein, Fed. R. Civ. P. 12(c) governs the standard for relief for a party's motion for judgment on the pleadings. Under the express dictates of that rule and supporting caselaw, Plaintiff's Motion for Judgment on the Pleadings must fail.

First, Plaintiffs do not contend that Defendants failed to adequately deny the allegations in the Complaint. In fact, Defendants expressly deny each of Plaintiff's causes of action and deny Plaintiff's contention that the Hearing Officer and ECAB committed errors. (Doc. 11, at 2, ¶ 4.) Accepting Defendants' denials as true, as the District Court must, Plaintiff is not entitled to judgment on the pleadings.

Second, Plaintiff has not asserted that Defendants' affirmative defenses do not require factual development. In fact, Plaintiff's motion fails to acknowledge that Defendants raised affirmative defenses. For this reason, too, Plaintiff is not entitled to judgment on the pleadings.

## IV. Conclusion

For the reasons set forth herein, Defendants respectfully request that Plaintiff's Motion for Judgment on the Pleadings be denied.

Respectfully submitted,

/s/Jack N. Lackey Jr.
Jack N. Lackey Jr.
DEATHERAGE, MYERS & LACKEY, PLLC
701 S. Main Street
P.O. Box 1065
Hopkinsville, KY 42241-1065
Tel:   270-886-6800
Fax:   270-885-7127
Email: jlackey@dmlfirm.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the foregoing has been electronically filed through the CMECF and mailed to the following, Natalie Nelson, Shaw & Nelson, PLLC, 9700 Park Plaza, Louisville, KY 40041, and Todd Allen, Kentucky Department of Education, 300 Sower Boulevard, 5th Floor, Frankfort, KY 40601, this 28th day of April 2025.

/s/Jack N. Lackey Jr.
Jack N. Lackey Jr.