UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:24-CV-28-BJB-LLK

B. B.                                                                                                         PLAINTIFF
*by and through his next friend,*
*his parent, Gabriela Heurta-Merino*

v.

CHRISTIAN COUNTY BOARD OF EDUCATION, ET AL,                           DEFENDANT

MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(a), this matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions. [Text Order at DN 6]. On August 15, 2025, this Court entered an Order [DN 46] noting that Plaintiff's attorney Natalie A. Nelson has filed a Motion to Withdraw indicating that she has a conflict in this case due to her current employment with the Cabinet for Health and Family Services. Attorney Nelson has been given thirty (30) days in which to respond to this Court's Second Show Cause Order and to deliver to Plaintiff the full and complete client file including the full administrative record and all other filings of record. [DN 46] at 2. Ms. Merino indicated during the August 11, 2025, status conference that she is still searching for new counsel to represent B.B. in this case.

Presently before the Court is Plaintiff's Motion to Provide Additional Evidence Pursuant to 34 CFR 300.516, filed on January 25, 2025, by attorney Nelson. Motion [DN 27]. Defendant,

Christian County Board of Education ("CC BOE"), filed a Response objecting to Plaintiff's Motion. Response [DN 31]. Plaintiff moves the Court to supplement the record:

> . . . to allow the submission of additional evidence pursuant to 34 CFR 300.516. Specifically, Plaintiff seeks to enter: (1) B.B.'s current Individualized Education Program (IEP); (2) 2022-2023 Annual Goals and Objectives Progress Report; (3) 2023-2024 Data Progress Tracking; (4) 2024 Psycho-Educational Report; and (5) testimony and exhibits supporting the allegations of verbal and physical abuse, including restraint and seclusion.

[DN 27] at 1.

Defendant objects to the inclusion of this additional evidence in the record, as Plaintiff has not disclosed to the Defendant the documents or evidence sought to be added to the record. Additionally, Defendant objects to the Motion as it "fails to provide sufficient information to allow the District Court to analyze whether it may or should supplement the record." [DN 31] at 1-2. Without the benefit of review of the proposed documents/evidence, CC BOE argues that it is left to blindly object to the new evidence on the basis of staleness, relevance, risk of trial *de novo*, and/or injection of matters that were outside the scope of the administrative hearing. The matter is now ripe for adjudication.

For the reasons discussed below, Plaintiff's Motion to Provide Additional Evidence Pursuant to 34 CFR 300.516 is DENIED, without prejudice. The Court may, with good cause shown, revisit these issues should a motion be filed by new Plaintiff's counsel.

I. BACKGROUND

A. Factual Background

Plaintiff B.B. is a student eligible for special education services under the Individuals with Disabilities Education Act ("IDEA"), the statutory framework governing special education

programs for disabled children. 20 U.S.C. 1400 *et seq*.[1] During the period of time relevant to this case, B.B. was an elementary-age student with special education and related service needs for disabilities of severe autism and severe speech delay. [DN 1-1] at 1. In 2018, B.B. transferred from a Department of Defense School at Fort Campbell, Kentucky[2] to Pembroke Elementary School in the Christian County, Kentucky public school district. [DN 1] at 3-4. The Administrative Record [DN 20] reflects that B.B.'s mother, Gabriela Huerta Merino, advocated for the development of an Individual Education Plan ("IEP") and a Behavior Intervention Plan ("BIP") for B.B. with teachers and administrators in his new school within the CC BOE. Communication difficulties arose which necessitated the assistance of a language translator for Ms. Merino when attending the Admissions and Release Committee ("ARC") meetings regarding B.B. Eventually, Ms. Merino became unsatisfied with the IEP and special education services in place for B.B. in his new CC BOE school. She began seeking redress under the processes available through the Kentucky Department of Education ("KY DOE"). Eventually, Ms. Merino filed a formal complaint with the KY DOE alleging that CC BOE failed to provide B.B. with the education required under IDEA.

---

[1] Under the Individuals with Disabilities Education Act ("IDEA"), schools that receive federal funds for education must provide every disabled student with a free appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1)(A). To provide FAPE, schools must develop, review, and be prepared to revise an Individual Education Plan ("IEP") for each disabled student. *Id*. § 1412(a)(4). An IEP must comply with the procedures set forth in IDEA and be "reasonably calculated to enable the [student] to receive educational benefits." *Bd. of Educ. Of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). In order to be "reasonably calculated to enable the student to receive educational benefits, the IEP must include, among other things, "a statement of measurable annual goals," and "a description of how the child's progress toward meeting the annual goals … will be measured." 20 U.S.C. § 1414(d)(1)(A)(i). *Somberg v. Utica Cmty, Schl*, 908 F.3d 162, 170 (6th Cir. 2018).

[2] The Administrative Record reflects that B.B. attended a Department of Defense elementary school in Ft. Campbell, Kentucky while his father was serving in the Army. Following his father's retirement, B.B. transferred to Pembroke Elementary (which is located within the Christian County School District). While attending the Ft. Campbell school, B.B. was identified as a special needs student, and an IEP was implemented to meet his educational needs. The Ft. Campbell school's IEP for B.B. remained in place until he was evaluated by CC BOE and a new IEP could be created and implemented.

B.     Procedural History

In December of 2021, B.B.'s mother requested a Due Process Hearing on his behalf with the KY DOE, the state agency charged with ensuring all students with disabilities within the Commonwealth of Kentucky are provided with a "free appropriate public education" ("FAPE") under IDEA. [DN 1] at 3. She alleged that CC BOE failed to provide B.B. with the education to which he was entitled under IDEA for the 2018-19, 2019-20, and 2020-21 academic years. [DN 1] at 2. Specifically, Ms. Merino alleged numerous failures on the part of CC BOE, including:

> …failure to develop an appropriate [IEP] to meet the needs of B.B.; failure to implement B.B.'s IEP; Failure to provide the Least Restrictive Environment for B.B.; failure to provide report cards and progress reports; failure to make progress in light of B.B.'s circumstances; failure to implement B.B.'s [BIP]; failure to follow the Mediation Agreement from Summer 2020; failure to provide assessment documentation in a timely manner or at all; failure to provide accurate Admissions and Release Committee (hereinafter "ARC") Conference Summaries; denial of equal and meaningful participation in ARC meetings to Ms. Merino.

[DN 1] at 3-4.

The Complaint triggered an investigation by the KY DOE, Division of IDEA Monitoring and Results ("DIMR") and resulted in a Report and Findings of May 21, 2021, that compensation for ten cancelled therapy sessions was an appropriate remedy for the one Individual Educational Plan implementation failure it found in B.B.'s case. [DN 1-5] at 2. As a result, CC BOE compensated Plaintiff for 450 minutes of lost educational time and arranged for additional training of its teachers and staff for the violations that the DIMR found. *Id*. A week-long Due Process Hearing was held June 13-17, 2022, with the parties consenting to attend from Hopkinsville, Kentucky, and with Hearing Officer Pickett conducting the hearing via Zoom. Ms. Merino proceeded at the hearing *pro se* with the assistance of a Spanish translator, with both parties filing briefs before and after the hearing. [DN 1] at 4.

On June 5, 2023, Hearing Officer Lyndell Pickett issued a Decision which includes findings on thirteen various points of contention and found that the school district's compensation of 10 makeup sessions and 450 compensatory minutes "fully compensates Petitioner for the violations Respondent committed. Respondent is not required to provide any additional compensation to Petitioner." [DN 1-5] at 52. Officer Pickett's Decision was upheld on appeal to the Exceptional Children Appeals Board by decision dated January 19, 2024. [DN 1-6] at 46. Appeal to this federal district court pursuant to 707 KAR 1:340 § 8 followed.

## II. STANDARD

Unlike in the typical administrative appeal, where review is limited solely to the administrative record and discovery is generally not permitted, "the IDEA … is different." *Rodrigues v. Ind. Sch. Dist. of Boise City*, No. 1, No. 1:23-cv-0390 (CWD), 2013 WL 9438838, at *3 (D. Idaho Mar. 11, 2013). A district court reviewing an ALJ's decision in an IDEA case "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B).

The Sixth Circuit has taken an "expansive view" of the scope of additional evidence that may supplement the administrative record in IDEA cases, *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2004), and declining to adopt the narrow *Burlington* standard[3] of other circuits "that additional evidence is admissible only in limited circumstances, such as to supplement or fill in the gaps in the evidence previously introduced." *Id.* at 850, (citing *Metro.*

---

[3] The Sixth Circuit has rejected the narrowness of the Burlington analysis, choosing instead to give great latitude to district courts, and has recognized that additional expert testimony, in particular, might be especially helpful to district courts reviewing IDEA cases. *Deal v. Hamilton Cnty. Bd. of Education*, 392 F.3d 840, 851 (6th Cir. 2004).

*Gov't v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990)). The Sixth Circuit has also admonished that "[w]hile the determination of which additional evidence to allow rests within the sound discretion of the district court, the court should take care to limit additional evidence to what is necessary for consideration of whether the original IEP was reasonably calculated to afford some educational benefit." *Id*. (citing *Metropolitan Bd. of Public Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999) (finding that the district court exceeded its jurisdiction to the extent it used additional evidence to rule upon issues beyond those presented to the ALJ)).

As CC BOE notes in its brief, the Court "may consider evidence outside of the administrative record and issues that were not presented to the ALJ if they are relevant to the issues that were before the ALJ." *Somberg v. Utica Cmty. Schs.*, 908 F.3d 162, 174-75 (6th Cir. 2018). The district court must therefore avoid using "additional evidence to rule upon issues beyond those presented to the ALJ." *Id*. at 174-175, (citing *Guest*, 193 F.3d 457 at 463). In discussing the proper standard for a district court's allowing supplementation of the administrative record under IDEA, the Sixth Circuit has said that

> the reasons for supplementation [of the administrative record] will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative hearing.

*Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 771-72 (6th Cir. 2001) (citing *Cook*, 915 F.2d at 234).

As CC BOE notes, when a party seeks to supplement the administrative record, it carries the burden of supplying sufficient specificity to allow the District Court to: (1) measure the risk of embarking on a prohibited trial *de novo*, (2) determine whether the party has saved his best evidenced for review, and (3) determine whether the proposed supplemental evidence would be

6

within the scope of review of issues before the ALJ. *K.B. by and through K.B. v. Memphis-Shelby County School District*, No. 2:22-cv-2464, 2023 WL 6612520 (W.D. Tn. October 11, 2023).

### III. DISCUSSION

    A.    <u>B.B.'s current IEP[4]</u>

The first enumerated item that Plaintiff seeks to introduce is his current IEP, presumably for the 2024-2025 school year at his current school in California. Plaintiff's counsel offered a scant three sentences of generalizations in support of the relevance and necessity of the five items/categories of additional evidence sought to be introduced, without going into any specific detail. The purpose of the June 2022 hearing in B.B.'s Due Process Hearing was to determine whether the CC BOE violated his right to FAPE as required under IDEA in school years 2018-19, 2019-20, and 2020-21, when B.B. was in third, fourth and fifth grades at Pembroke Elementary School. [DN 1-5] at 12.

It is not error for a district court to exclude evidence which came into being after a hearing, or that is duplicative of evidence presented at a hearing. *Knable*, 238 F.3d at 771. In this case, an isolated IEP created for B.B. four school years after the last school year at issue in this litigation, by a different school in a different state some 2,000 miles from this jurisdiction, could have very little relevance to the circumstances of B.B.'s allegations from 2018-2021. Notably absent from the Plaintiff's Motion is any specific explanation for this document's inclusion. While the standard for admitting additional evidence in IDEA cases is lenient, a 2025 IEP standing alone—without

---

[4]An IEP is "the centerpiece of the statute's education delivery system for disabled children." *Honig v. Doe*, 484 U.S. 305, 311 (1988). Under the IDEA, a FAPE requires that a school prepare an IEP for each disabled student, and that the school educate the student in the least restrictive environment possible, 20 U.S.C. § 1412(a)(1), (5). An IEP must include the child's present levels of academic achievement and functional performance, describe how the child's disability affects the child's involvement and progress in the general education curriculum, set out measurable annual goals including academic and functional goals, and include a description of how the child's progress toward meeting those goals will be gauged. 20 U.S.C. §§ 1414(d)(1)(A)(i)(I)-(III).

further specificity from Plaintiff—invites a prohibited trial *de novo* of the issues addressed in the 2022 Due Process Hearing. As CC BOE aptly notes, B.B. has not sought to admit all IEPs from the intervening years, thus the stated purpose of aiding the Court's "comprehensive understanding of the student's educational needs" is not met in this request. Accordingly, B.B. is prohibited from introducing his current IEP into the record before this Court.

B.   2022-2023 Annual Goals and Objectives Progress Report

A Goals and Objectives Progress Report is required under IDEA to be issued as frequently as general report cards. Like report cards issued every 6-9 weeks, a student's IEP Goals and Objectives Progress Report provides a periodic snapshot of the student's progress toward the goals outlined in their IEP. While arguably a 2022-23 Goals and Objectives Progress Report for B.B. might be closer in time and therefore more relevant to the 2018-21 time period than is 2025 IEP discussed above, there are no specific details offered by Plaintiff to explain how it is relevant or what issue from the 2022 Due Process Hearing its contents might address. While the relevance and necessity of additional evidence was generally addressed in Plaintiff's brief, there are no specific details provided for how one progress report is probative of issues addressed in the 2022 Due Process Hearing. Accordingly, B.B. is prohibited from introducing a progress report from his 2022-23 school year in his new school district.

C.   2023-2024 Data Progress Tracking/2024 Psycho-Educational Report

The third and fourth items that Plaintiff seeks to introduce into evidence are a Data Progress Tracking report from school year 2023-24 and a 2024 Psycho-Educational Report. It is unclear from the Plaintiff's Motion how these post-dated documents bear on the issues addressed in the 2022 Due Process Hearing. These documents—without more—fall victim to the same weaknesses as the current IEP and 2022-23 Goals and Objectives Progress Report. They may offer insight into

8

B.B.'s educational, psychological and social development after he transferred to a different school system. But without further specificity from the Plaintiff, this Court cannot determine whether these reports would offer probative evidence within the parameters of the issues covered in the 2022 Due Process Hearing. Accordingly, B.B. is prohibited from introducing either the 2022-23 Data Progress Tracking or 2024 Psycho-Educational Report.

      Finally, it should be noted that the documents Plaintiff seeks to introduce not only fall outside the 2018-2021 school years in issue, but also may require a certain degree of educational institutional knowledge outside of this Court's purview. Admitting these items, particularly the reports containing snapshots of raw educational data without context or expert testimony, would invite this Court to encroach upon the Hearing Officer's educational expertise. And while the Court recognizes that Ms. Merino proceeded *pro se* in the Due Process Hearing and with the assistance of a translator, she was able to introduce evidence, cross-examine witnesses with skill, and exhibited an impressive understanding of educational terminology, documentation, and process. In addition, her *pro se* status worked to her advantage, as Hearing Officer Puckett went to extreme measures to ensure she was able to submit and introduce late-filed documentation into the record for his consideration.[5] None of these four educational documents were in existence at the time of the 2022 Due Process Hearing, and their introduction would be of little probative value. District courts do not abuse their discretion when they exclude evidence which does not materially add to parties IDEA claims. *Ruhl v. State of Ohio Dep't of Health*, No. 16-cv-773, 2016 WL 5869828, at *5 (N.D. Ohio Oct. 7, 2016).

---

[5] Officer Pickett's Decision notes that he "showed great liberality procedurally toward the pro se litigant, admitting records from the parent that were not tendered by the deadline set forth in the pre-trial but were tendered five days before the hearing …. During the hearing, additional exhibits were introduced by the parent that had not been disclosed prior to the hearing." [DN 1-1] at 1-2.

9

D. <u>Testimony and exhibits supporting the allegations of verbal and physical abuse, including restraint and seclusion</u>.

Plaintiff's Motion seeks to introduce evidence supporting allegations of verbal and physical abuse, yet provides at most two sentences in support of the relevance and necessity of the evidence:

> The testimony and exhibits supporting allegations of verbal and physical abuse, including restraint and seclusion, are essential for the Court to address the allegations contained in Plaintiff's request for a Due Process Hearing. Given the evolving nature of the student's educational needs and the serious nature of the allegations, this additional evidence provides relevant information, which is essential for the Court to make an informed decision based on the preponderance of the evidence.

[DN 27] at 2.

Notably absent from these two sentences are any specifics about the additional evidence: completely lacking are details regarding whose testimony will be offered and how it supports or establishes the accusations of restraint and seclusion; what exhibits support allegations of verbal and physical abuse; and most notably, why these testimony and exhibits were not introduced into the record during the 2022 Due Process Hearing. According to Hearing Officer Pickett's Decision, included in the issues addressed in the week-long hearing was Issue 11, whether Respondent verbally and physically abused Petitioner:

> Respondent objected to raising these issues at trial on the grounds that Petitioner did not allege them in the Request for a Due Process Hearing. The undersigned allowed Petitioner to testify about these issues so there would be a complete record, but Respondent's objection was preserved. **Respondent's objection is sustained** and Petitioner is precluded from raising these issues at trial. As an alternate ruling, the undersigned finds there was no credible evidence showing Respondent ever verbally or physical abused Petitioner.

[DN 1-2] at 4. (Emphasis in original.)

Hearing Officer Pickett's Decision addresses these allegations at pages 48-49 and notes that Respondent objected to these allegations being made at the hearing on the grounds that they were not asserted in the Request for a Due Process Hearing. The Decision explains that 34 C.F.R.

10

300.511 provides that "the party requesting the due process hearing may not raise issues at the due process hearing that were not raised in the due process complaint filed under 300.508(b) unless the other party agrees otherwise." The Decision sustains Respondent's objection finding that the Petitioner was prohibited from raising these issues. In the alternative, the Decision includes a finding that Petitioner presented no credible evidence of verbal or physical abuse:

> However, as an alternate finding, assuming arguendo these issues were properly raised, Petitioner did not present any credible evidence to show Respondent intentionally or negligently caused a bruise or scratches to him. The bruise/scratches could have happened before, during or after Petitioner was at school. If the bruise/scratches happened at school, they probably occurred when Respondent's personnel acted in the best interest of Petitioner's health and safety. Respondent did not verbally or physically abuse Petitioner.

[DN 1-2] at 49.

Ms. Merino's appeal of Officer Puckett's Decision to the Exceptional Children Appeals Board ("ECAB") included a request to supplement the record with additional exhibits that were not before the Hearing Officer during the 2022 Due Process Hearing. In declining to allow supplementation of the record on appeal, the ECAB Opinion noted that Ms. Merino had been given "great leeway" during the hearing and had been repeatedly permitted to introduce records past the deadline. [DN 1-6] at 3. It was also noted that Hearing Officer Pickett had admonished Ms. Merino that he was admitting her late-filed records, but that there are "deadlines for a reason." When twice asked if she intended to submit any additional exhibits, she responded "no" at least four times.

Also addressed in Hearing Officer Pickett's Decision was Issue 12, whether respondent restrained and secluded Petitioner:

> Respondent objected to raising this issue at trial on the grounds that Petitioner did not allege it in the Request for a Due Process Hearing. **Respondent's objection is overruled** as further. The undersigned finds there was no credible evidence showing Respondent ever restrained or secluded Petitioner.

*Id*. (Emphasis in original.)

11

Over Respondent's Objection, Hearing Officer Pickett found that Petitioner raised sufficient allegations in the pleadings to put Respondent on notice of the allegations of improper restraint or seclusion:

> At that point, Petitioner writes as a request that Respondent not allow inappropriate restraining of Petitioner by unauthorized staff members and to not place Petitioner in an isolated room, but to offer a calming area with trained staff monitoring him. The undersigned overrules Respondent's objection regarding raising the issue at trial. Petitioner, represented by his non-attorney mother, did allege/request enough facts to put Respondent on notice of this issue. However, the result is still the same. The undersigned finds Respondent never at any time inappropriately restrained Petitioner. The record does not contain any credible evidence Respondent did so.

[DN 23-1] at 204.

The Petitioner was given numerous exceptions and allowed to file additional, late evidence into the record at the Due Process Hearing of this matter by Hearing Officer Pickett. On appeal, the ECAB denied Petitioner's request to supplement the record on appeal:

> On appeal the student's parent asked that the record be supplemented with two additional exhibits. The school opposed the request. 34 CFR 514 (2)iii permits ECAB to seek additional evidence if necessary. ECAB finds that the parent fails to establish that additional evidence is necessary. The Record created at the hearing is sufficient to address all issues, the evidence in question was not improperly excluded, and the evidence could have been introduced at the hearing …. The parent was given great leeway at the hearing and repeatedly permitted to introduce records after the deadline…. ECAB is not a trial court *de novo*. The parent's motion to supplement the record is denied.

DN 23-1 at 412-13.

The ECAB cites to *Egg Harbor Township Board of Education v. S.O., by his Guardian ad litem, R.O.*, Civil Action No. 90-1043, slip op. at 3 n. 1 (D.N.J. Aug. 19, 1992) for the proposition that Petitioner's additional evidence request would be denied at the District Court level: "'additional evidence' under 20 U.S.C. § 1415(e)(2) should not be cumulative, introduced to impeach credibility of administrative hearing witnesses, nor embellish testimony from the

administrative hearing, and should not have been available for proffer during the administrative hearing." *Id*. However, the Sixth Circuit has noted that there is no prohibition, in either the statute or the case law of the Sixth Circuit, against the district court allowing even a large amount of additional evidence if it will add something to the administrative record or assist the court in deciding the issues before it. *Deal*, 392 F.3d at 851 (6th Cir. 2004). Nonetheless, without more information, it is impossible for this Court to discern whether the additional evidence would be helpful to this Court.

There is a certain level of educational expertise that both Hearing Officer Pickett and the Exceptional Children Appeals Board bring to such proceedings, and this Court is inclined to defer to their discretion in this instance. The Due Process Hearing was conducted over five days and resulted in a 50+ page, well-reasoned Decision by Hearing Officer Pickett. On appeal, the ECAB Findings of Fact, Conclusions of Law, and Final Decision provides 48 pages of thorough review of the testimony and other evidence presented during the Due Process Hearing. The ECAB found that the record created at the hearing was sufficient to address all issues raised and declined to admit additional evidence. This Court also declines to admit additional, unspecified evidence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Provide Additional Evidence Pursuant to 34 CFR 300.516 [DN 27] is DENIED, without prejudice. The Court may, with good cause shown, revisit these issues should a motion be filed by new Plaintiff's counsel.

September 10, 2025

Lanny King, Magistrate Judge
United States District Court

cc: Natalie A. Nelson, Cabinet for Health and Family Services, Office of Legal Services, 275 East Main Street 5W-B, Frankfort KY 40621

Gabriela Huerta Merino, 27361 Sierra Hwy #242, Canyon Country, CA 91351

Counsel